ESQUIRE, INC., Petitioner,

v.

Barbara A. RINGER, Respondent.

Civ. A. No. 75–1737.

United States District Court,
District of Columbia.

May 5, 1976.

George A. Arkwright, Arlington, Va., Charles L. Rowe, Chicago, Ill., for petitioner.

John R. Dugan, Asst. U. S. Atty., Washington, D. C., for respondent.

## MEMORANDUM AND ORDER

GESELL, District Judge.

In this mandamus action, Esquire asks the Court to direct the Register of Copyrights to register Esquire's claims to copyright for an artistic design of a lighting fixture. The fixture is in nontraditional form, devoid of ornamentation or decoration but of pleasing shape and used apparently for outside lighting of parking lots and other open spaces and is well suited to accompany structures of so-called functional design. It is conceded that the design of the fixture is original and would be qualified and accepted for registration if it did not have solely an obvious utilitarian purpose. In challenging the Register's refusal to register, Esquire relies on Article I, Section VIII of the Constitution, the copyright law, Title 17, U.S.C., and applicable regulations, notably 37 C.F.R. § 202.10, and the decision of the Supreme Court in *Mazer v. Stein,* 347 U.S. 201, 74 S.Ct. 460, 98 L.Ed. 630 (1954). The matter is before the Court on cross-motions for summary judgment after briefs and oral argument. Since registration is essentially a ministerial act, the proper remedy is mandamus. *Bouve v. Twentieth-Century Fox Film Corp.,* 74 U.S. App.D.C. 271, 122 F.2d 51 (1941).

The Copyright Office regulations provide, *inter alia,*

> If the sole intrinsic function of an article is its utility, the fact that the article is unique and attractively shaped will not qualify it as a work of art. However, if the shape of a utilitarian article incorporates features, such as artistic sculpture, carving, or pictorial representation, which can be identified separately and are capable of existing independently as a work of art, such features will be eligible for registration.

37 C.F.R. § 202.10(c).

Although there is no dispute that the features are original creations having aesthetic appeal, registration was denied on the theory that there was nothing separate or distinguishable from the shape of the intrinsically useful object and that the design as a whole could not be separately identified as a work of art.

The Register insists that the shapes and forms of all useful articles are not protected by the Copyright Act. She points out that the proposition that the shape of utilitarian

objects cannot be copyrighted has been expressed constantly since 1910, when the initial regulations stated "productions of the industrial arts utilitarian in purpose and character are not subject to copyright registration, even if artistically made or ornamental," Copyright Office Regs., 1910, Rule 12(g), cited in *Mazer v. Stein, supra,* 347 U.S. at 212 n. 23, 74 S.Ct. at 467, 98 L.Ed. at 639.

■ *Mazer v. Stein, supra,* controls the outcome of the elusive semantic dispute inherent in 37 C.F.R. § 202.10(c). In *Mazer* the Court held that works of art are eligible articles for copyright even if intended for use in industry. The Court explicitly stated that if a work of art is an element in a manufactured article having a utilitarian purpose it is not barred from registration.

The Register concedes that an independent work of art in the historic and ordinary sense does not lose its character by incorporation in a useful article. The Register has for many years registered forms of traditional sculpture and indeed, as this record and *Mazer* note, when such sculpture is used in household lamps and candlesticks it has repeatedly been accepted for registration.

■ But the term "art" is not confined to traditional forms of fine arts, as *Mazer* also teaches. *See also Bleistein v. Donaldson Lithographing Co.,* 188 U.S. 239, 251–52, 23 S.Ct. 298, 300, 47 L.Ed. 460 (1903). The forms of the articles here in dispute are clearly art.

These outdoor lights serve both to decorate and to illuminate. Indeed, during the day they are exclusively decorative. They are a type of sculpture which is both original and aesthetically pleasing. Surely they would satisfy a Gropius or a Brancusi far more than would a Rembrandt portrait, and to many they are more artistic than some examples of sculpture found at such museums as the Corcoran or the Hirshhorn. Art through the ages has often served a utilitarian purpose.* The Caryatids of the Acropolis or Cellini's exquisite saltcellar are two of many examples of traditional art serving such a purpose. There has always been a close link between art and science. The forms represented by Esquire's fixtures emphasize line and shape rather than the realistic or the ornate but it is not for the Register to reject them on artistic grounds, *Bleistein v. Donaldson Lithographing Co., supra,* or because the form is accommodated to a utilitarian purpose, *Mazer v. Stein, supra.* There cannot be and there should not be any national standard of what constitutes art and the pleasing forms of the Esquire fixtures are entitled to the same recognition afforded more traditional sculpture.

The true difficulty which the Register envisions is the prospect of registering myriads of industrial designs of everything from automobiles to bathtubs to dresses. The consequent possibility of up to 56 years of protection and resulting inhibitions upon competitive activity by those who capitalize on others' ingenuity is highly undesirable. New statutes are in Congress to deal with industrial design copyrights and the Court is urged to support the Register's discretion while the bills wend their way through the legislative process. But the Register cannot avoid the Supreme Court's interpretation of the copyright law in the interim. The Register believes that a grant of copyright in this instance will open the floodgates to copyrighting of industrial designs. The Court views the matter within a narrower focus and finds it unnecessary to determine whether the Register can tighten the applicable regulations and still meet *Mazer's* holding. The instant case concerns lighting in combination with sculpture. Here past interpretations of the existing regulations which have allowed registration for household lamps and candlesticks give content to the copyright regulations and create an interpretative precedent binding here.

---

* "All the handicrafts possess a scientific content which has grown up along with them and is embodied in their practice. The manufactured article is the joint product of the science and the practice which are combined in the handicraft." Plato, Politicus, p. 258.

Summary judgment is granted plaintiff and denied defendants.

SO ORDERED.